UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

VERONICA LOCKE,
      Plaintiff,

v.                                CASE NO. 20-CV-515

MAXIMUS, INC.               JURY TRIAL DEMANDED
      Defendant.

## COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Veronica Locke brings this action against her former employer, Maximus, Inc. ("Maximus"), for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws; unpaid agreed-upon wages under Wisconsin wage and hour laws; and retaliation under the FLSA. At times since March 31, 2017, Plaintiff Locke worked as an hourly case manager in the Business Services Department of Maximus' Milwaukee office. During that time, Maximus suffered or permitted Plaintiff Locke to work in excess of forty hours in a workweek without overtime compensation in violation of the FLSA and Wisconsin wage and hour laws. Similarly, Maximus failed to pay Plaintiff Locke for all hours worked at her agreed-upon wage in violation of Wisconsin wage and hour laws. When Ms. Locke formally complained of performing work without overtime and agree-upon wage compensation, Maximus retaliated against Ms. Locke by terminating her employment.

2. Maximus contracts with state, federal, and local governments to provide communities with health and human services programs.

3. Plaintiff Locke brings this action pursuant to the FLSA for the purpose of obtaining relief for unpaid overtime compensation, back pay, front pay, liquidated damages, compensatory damages, punitive damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and/or any such other relief the Court may deem appropriate. Plaintiff Locke also brings this action pursuant under Wisconsin's wage and hour laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Maximus has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Maximus is a foreign business corporation with a principal office located in Reston, Virginia. Maximus's registered agent for service of process in the State of Wisconsin is Corporation Service Company located in Madison, Wisconsin.

8. Plaintiff Veronica Locke is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Locke is a former employee of Maximus who worked as an hourly case manager between approximately April 1, 2018 and July 19, 2019.

## GENERAL ALLEGATIONS

1. Maximus contracts with state, federal, and local governments to provide communities with health and human services programs. Maximus has over 30,000 employees and $2.4 billion in annual revenue.

2. At all times relevant to this matter, Maximus has had annual gross sales volume in excess of $500,000.00 and more than two employees engaged handling or otherwise working on materials that have moved in interstate commerce.

3. Plaintiff Locke worked as a Case Manager in the Business Services Department of Maximus' Milwaukee office between approximately April 1, 2018 and July 19, 2019.

4. Plaintiff Locke's duties while employed by Maximus included, but were not limited to, assisting potential recipients of health and human services program

benefits to meet program eligibility requirements, maintaining case notes for benefits recipient contact and progress toward program goals, monitoring performance goals and state-regulated benchmarks for such programs, and communicating with other Maximus employees to ensure outreach and engagements efforts met recipient needs.

5. Maximus agreed to pay Plaintiff Locke an hourly rate of $21.14 in exchange for her work at the start of her employment. Maximus agreed to raise Plaintiff Locke's hourly rate of pay to $21.51 in January 2019.

6. During her employment at Maximus, Plaintiff Locke was required to report to Maximus' Operations Manager, Kathleen Crape, regarding her job duties and hours of work.

7. During her employment at Maximus, Plaintiff Locke was generally scheduled to work between 8 a.m. and 4:30 p.m. from Monday through Friday with an unpaid, 30-minute meal period each day.

8. However, Maximus regularly suffered and/or permitted Plaintiff Locke to her job duties in excess of her regular schedule – including working through meal periods and outside of her regular work hours – without compensation for these additional hours worked.

9. Plaintiff Locke regularly performed additional work for Maximus at the direction and request of Maximus' Operations Manager, Kathleen Crape.

10. While Plaintiff Locke reported working through meal periods and outside of her regular work hours to Ms. Crape, Ms. Crape instructed Plaintiff

Locke that she could not report those hours for timekeeping purposes because she did not have pre-approval to work overtime hours.

11. As a result of the foregoing, Maximus regularly suffered or permitted Plaintiff Locke to work in excess of forty hours in a given workweek between April 1, 2018 and July 19, 2019 without receiving overtime compensation in violation of the FLSA and Wisconsin wage and hour laws and/or agreed-upon wage compensation in violation of Wisconsin wage and hour laws.

12. Maximus failed to maintain accurate records of the hours worked by Plaintiff Locke at all times between April 1, 2018 and July 1, 2019.

13. Maximus' conduct, as alleged herein, was willful, dilatory, and unjust and in bad faith and has caused significant damages to Plaintiff Locke, including the loss of earned overtime and agreed upon wages, in violation of the FLSA and/or Wisconsin law.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA's Overtime Provisions**

14. Plaintiff Locke reasserts and incorporates by reference all preceding paragraphs as if restated herein.

15. Since March 31, 2017, Plaintiff Locke has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

16. Since March 31, 2017, Maximus has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Since March 31, 2017, Plaintiff Locke has been an employee within the meaning of 29 U.S.C. § 203(e).

18. Since March 31, 2017, Maximus has been an employer of Plaintiff Locke as provided under 29 U.S.C. § 203(d).

19. Since March 31, 2017, Maximus has violated the FLSA by failing to pay overtime compensation due to Plaintiff Locke for each hour worked in excess of forty hours in any given workweek.

20. Maximus's failure to properly compensate Plaintiff Locke and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Locke is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

21. Alternatively, should the Court find that Maximus did not act willfully in failing to pay overtime premium wages, Plaintiff Locke is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

22. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Locke is entitled to recover attorneys' fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law's Agreed-Upon and Overtime Wage Provisions

23. Plaintiff Locke re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

24. Since March 31, 2018, Plaintiff Locke was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

25. Since March 31, 2018, Plaintiff Locke was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

26. Since March 31, 2018, Plaintiff Locke was an employee within the meaning of Wis. Stat. §§ 104.001 *et seq.*

27. Since March 31, 2018, Plaintiff Locke was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

28. Since March 31, 2018, Plaintiff Locke was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

29. Since March 31, 2018, Maximus was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

30. Since March 31, 2018, Maximus was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

31. Since March 31, 2018, Maximus was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

32. Since March 31, 2018, Maximus was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

33. Since March 31, 2018, Maximus was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

34. Since March 31, 2018, Maximus employed Plaintiff Locke within the meaning of Wis. Stat. §§ 109.01 *et seq.*

35. Since March 31, 2018, Maximus employed Plaintiff Locke within the meaning of Wis. Stat. §§ 103.001 *et seq.*

36. Since March 31, 2018, Maximus employed Plaintiff Locke within the meaning of Wis. Stat. §§ 104.001 *et seq.*

37. Since March 31, 2018, Maximus employed Plaintiff Locke within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

38. Since March 31, 2018, Maximus employed Plaintiff Locke within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

39. Since March 31, 2018, Plaintiff Locke regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for the time spent performing these activities – including hours spent working in excess of forty hours per workweek – at her agreed-upon wage rates or the mandated overtime premium rates.

40. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

41. The foregoing conduct, as alleged above, constitutes willful, unjust, and dilatory violations of Wisconsin's law requiring the payment of overtime and/or agreed upon wages.

42. As set forth above, Plaintiff Locke has sustained losses in her compensation as a proximate result of Maximus's violations. Accordingly, Plaintiff Locke seeks damages in the amount of her respective unpaid agreed-upon wages and overtime compensation, civil penalties, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

43. Under Wis. Stat. §109.11, Plaintiff Locke is entitled to recovery of civil penalties due to Maximus' violations described herein.

44. Plaintiff Locke is entitled to recover her attorneys' fees and costs incurred in this matter to be paid by Maximus.

## THIRD CLAIM FOR RELIEF
**Violations of the Fair Labor Standards Act – Anti-Retaliation Provisions**

45. Plaintiff Locke reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

46. On or around June 23, 2019, Plaintiff Locke made a complaint to Maximus's human resources generalist, Courtney Glover, that alleged, in part, that she had been required to work outside of normal business hours on her work for Maximus as well as on work performed for Ms. Crapes' individual business.

47. Shortly after filing her complaint, a representative of Maximus' human capital department, Melissa Janowski, contacted Plaintiff Locke and requested additional information regarding her complaints.

48. Maximus conducted an investigation that resulted in Ms. Crape being placed on administrative leave and ultimately terminated.

49. On July 16, 2019, Melissa Janowski and Courtney Glover of Maximus met with Plaintiff Locke and informed Plaintiff Locke that her position with Maximus was being terminated effective July 19, 2019.

50. Prior to complaining about being required to perform work without compensation in June 2019, Maximus had informed Plaintiff Locke that she would be retained in a new, full-time position after the expiration of the project that she was working on at the time of her termination.

51. On July 17, 2019, Plaintiff Locke again complained of being required to work without compensation and retaliatory actions by Maximus.

52. At the time of Plaintiff Locke's termination, Maximus – including Ms. Janowski and Ms. Glover – were aware that Plaintiff Locke had filed a complaint alleging, in part, that Plaintiff Locke had been required to perform work without compensation by Ms. Crape.

53. Plaintiff Locke's June and July 2019 complaints to Maximus constitute protected activity under the FLSA.

54. Maximus's actions in terminating Plaintiff Locke for complaining about being required to work without compensation and then about retaliation for making such complaints constitutes an unlawful act of retaliation in violation of the FLSA.

55. Plaintiff Locke has suffered economic damages in the loss of wages – including back pay, front pay, and vacation pay – due to Maximus's unlawful suspension and termination of his employment.

56. Plaintiff Locke has suffered emotional distress arising out of his termination and loss of income.

## **REQUEST FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Maximus's actions as described in the Complaint as unlawful and in violation of the FLSA, Wisconsin law, and their applicable regulations;

b) An Order finding that Maximus violated the FLSA and Wisconsin wage and hour laws;

c) An Order finding that these violations are willful, dilatory, and/or unjust;

d) Judgment against Maximus in the amount equal to Plaintiff Locke's unpaid wages at the applicable agreed-upon wage and overtime premium rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) Judgment against Maximus in the amount equal to Plaintiff Locke's lost wages since her termination in back pay, front pay, and unpaid vacation pay;

g) An award of compensatory damages to Plaintiff Locke in an amount that a jury deems just and reasonable for Maximus's violations of 29 U.S.C. § 215(a)(3);

h) An award of punitive damages to Plaintiff Locke in an amount that a jury deems just and reasonable for Maximus's violations of 29 U.S.C. § 215(a)(3);

i) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims as well as pre-judgment and post-judgement interest; and

j) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Locke demands a trial by jury pursuant to FED. R. CIV. P. 38(b).

Dated this 31st day of March 2020.

    Respectfully submitted,

    **HAWKS QUINDEL S.C.**
    Attorneys for Plaintiffs

By: *s/ Timothy P. Maynard*
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953
Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com