UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VERONICA LOCKE,

       Plaintiff,

    vs.                                     Case No. 20-CV-515

MAXIMUS, INC.

       Defendant.

## DEFENDANT'S ANSWER AND DEFENSES

**NOW COMES** Defendant Maximus, Inc. ("Defendant" or "Maximus"), by its attorneys, Jackson Lewis P.C., by Tony H. McGrath, and hereby answers Plaintiff Veronica Locke's Complaint as follows:  Allegations in the Complaint that are not specifically admitted are denied.

### PRELIMINARY STATEMENT

1.      As to the first sentence of Paragraph 1, Maximus admits only that Plaintiff has brought this action against Maximus, that Maximus is her former employer, and that she has alleged claims under the referenced statutes.  Maximus denies any liability for any reason whatsoever.  As to the second sentence of Paragraph 2, Maximus admits only that Plaintiff was employed by Maximus as a Case Manager from May 25, 2108 to July 19, 2019 in its Milwaukee office.  Maximus denies the allegations of the third fourth and fifth sentences of Paragraph 1 in their entirety.  Maximus denies any remaining allegations in Paragraph 1.

2.      Admit.

3.      Paragraph 3 contains legal conclusions and/or descriptions of Plaintiff's claims, to which no response is required.  To the extent a response is required, Maximus denies the allegations in Paragraph 3.

## JURISDICATION AND VENUE

4.      Paragraph 4 contains legal conclusions, to which no response is required.  To the extent a response is required, Maximus admits that this Court has original jurisdiction over Plaintiff's FLSA claim.

5.      Paragraph 5 contains legal conclusions, to which no response is required.  To the extent a response is required, Maximus denies and states that the Court should not exercise supplemental jurisdiction.

6.      Admit.

## PARTIES

7.      Admit.

8.      Maximus lacks information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 8 and, therefore, denies them on those grounds. Maximus denies the remainder of Paragraph 8 and denies any liability for any reason whatsoever.

## GENERAL ALLEGATIONS

1.      Admit.

2.      Admit.

3.      Deny.

4.      Admit that Paragraph 4 sets out a general description of Plaintiff's duties.

5.      Admit.

6.      Maximus admits only that Operations Manager Kathleen Crape ("Crape") was Plaintiff's supervisor *with respect to Crape's and Plaintiff's work on behalf of Maximus.* Maximus understands that Crape and Plaintiff also worked together on behalf of Crape's start-up company, known as Anderson C Staffing LLC. Maximus denies any and all liability for any work performed for the benefit of Crape and/or Anderson C Staffing LLC. Maximus denies any remaining allegations in Paragraph 6.

7.      Admit.

8.      Deny.

9.      Deny.

10.     Maximus denies that Plaintiff worked any uncompensated hours for the benefit of Maximus. To the extent that Plaintiff performed work for the benefit of Crape and/or Anderson C Staffing LLC, Maximus has no obligation to compensate Plaintiff for such work.

11.     Deny.

12.     Deny.

13.     Deny.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA's Overtime Provisions

14.     Maximus incorporates by reference, as if fully restated herein, the responses, denials, and additional statements set forth in the proceeding paragraphs.

15.     Paragraph 15 sets forth a legal conclusion to which no response is required. To the extent a response is required, Maximus admits that the FLSA applies, but denies that a three-year statute of limitations is applicable. Maximus denies all liability for any reason whatsoever.

16.     Admit.

17.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

18.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

19.     Deny.

20.     Deny.

21.     Deny.

22.     Deny.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law's Agreed-Upon and Overtime Wage Provisions

23.     Maximus incorporates by reference, as if fully restated herein, the responses, denials, and additional statements set forth in the proceeding paragraphs.

24.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

4

25.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

26.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

27.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

28.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

29.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that

Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

30.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

31.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

32.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

33.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf. Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

34.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf.  Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

35.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf.  Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

36.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf.  Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

37.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf.  Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

38.     Maximus admits that it employed Locke during the time period of May 25, 2018 to July 19, 2019.  Maximus, however, compensated Plaintiff for all hours worked on its behalf.  Plaintiff was also an employee of Crape and/or Anderson C Staffing LLC; any hours that

7

Plaintiff worked and has not been compensated were worked on behalf of Crape and/or Anderson C Staffing LLC.

39.     Deny.

40.     Paragraph 40 sets forth a legal conclusion to which no response is required.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

## THIRD CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Anti- Retaliation Provisions

45.     Maximus incorporates by reference, as if fully restated herein, the responses, denials, and additional statements set forth in the proceeding paragraphs.

46.     Maximus denies that Plaintiff complained that she performed "work outside of normal business on her work for Maximus." Maximus admits that Plaintiff complained to Courtney Glover only that she had performed work for "Ms. Crapes' individual business." Maximus denies any remaining allegations in Paragraph 46.

47.     Admit.

48.     Admit.

49.     Maximus admits that Ms. Janowski and Ms. Glover met with Plaintiff on or about July 16, 2019. Maximus further admits that Plaintiff had been hired for a specific project, which was coming to a natural conclusion at that time. Maximus offered Plaintiff a Job Developer position, which she turned down because she was not satisfied with the salary offered. Maximus denies that it terminated Plaintiff, and denies any remaining allegations in Paragraph 49.

8

50.     Maximus admits only that it offered Plaintiff a Job Developer position, which she turned down because she was not satisfied with the salary offered. Maximus denies any remaining allegations in Paragraph 50.

51.     Deny.

52.     Maximus admits that Plaintiff had filed a complaint about Crape and performing work on behalf of Crape and/or Anderson C Staffing LLC. Maximus denies that Plaintiff was terminated, and denies any remaining allegations in Paragraph 52.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without undertaking a burden of proof except where strictly required by law, Defendant states the following affirmative and other defenses.

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in her Complaint and any damages which she allegedly suffered.

3.     Plaintiff has not suffered any legally cognizable damage with regard to her employment with Maximus.

4.     If any allegations of unlawful conduct are true, the Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

5.     Because Plaintiff was involved in the improper activities occurring during her employment, or failed to properly give notice and act upon any such activities, Plaintiff is estopped from recovering for her claims.

6.      Plaintiff is barred from recovery under the doctrine of unclean hands.

7.      Plaintiff has failed to sue a necessary and indispensable party.

8.      Defendant was not Plaintiff's "employer" under the FLSA or Wisconsin law with regard to the work for which she claims that she was not compensated.

9.      Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

10.     Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

11.     Plaintiff is barred from recovering wages for time that she did not report to her employer; Defendant did not "suffer or permit" Plaintiff to work hours that it did not know about.

12.     Some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable, non-working time, or was not worked for the benefit of Defendant.

13.     Defendant's decisions made as to Plaintiff's employment were without consideration as to any protected activity, but if it is determined that any protected activity was a motivating factor in any decision, then Defendant asserts that it would have reached the same result, regardless of any protected activity in which the Plaintiff may have engaged, based upon the facts and circumstances of the case.

14.     Because Plaintiff's FLSA claim fails against Defendant, the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.

**CONCLUSION**

**WHEREFORE**, Maximus, Inc. respectfully requests that the court:

A.      Dismiss all Claims against Maximus, Inc., with prejudice, in their entirety;

B.      Dismiss the Complaint with prejudice, in its entirety;

C.      Order that judgment be entered in Defendant's favor; and

D.    Award Defendant such other relief that justice so requires.

Dated this 24th day of April, 2020.

s/Tony H. McGrath
Tony H. McGrath, WI Bar #1042806
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI  53703
Direct Tel:  (608) 807-5274
Fax:  (608) 260-0058
Tony.McGrath@JacksonLewis.com

*Attorneys for Defendant Maximus, Inc.*

4812-8519-3658, v. 1