# FLSA Settlement Agreement and General Release

Maximus, Inc. and its affiliates and subsidiaries (collectively, "Employer" or "Maximus") and Veronica Locke ("Employee") enter into the following FLSA Settlement Agreement and General Release ("Agreement").

1. <u>The Complaint</u>. On March 31, 2020, Employee filed Case No. 20-cv-515 with the Federal District Court for the Eastern District of Wisconsin (the "Complaint"). The Complaint alleges (i) violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"), (ii) violations of the agreed-upon wage and overtime provisions of Wis. Stat. Ch. 109, and (iii) retaliation under the FLSA. Employer denies any and all unlawful actions and/or liability whatsoever and specifically disclaims any wrongful acts against Employee as alleged in the Complaint or otherwise.

2. <u>Final Resolution</u>. Employee and Employer (the "Parties"), through their respective counsel, have engaged in extensive arms-length negotiations and exchanged relevant information regarding the allegations set out in the Complaint. Through this process, the Parties have identified a good faith dispute over the amount of wages, if any, due to Employee and have reached a compromise resolution intended to fully, finally, and to the greatest extent allowed by law, resolve Employee's claim for unpaid wages along with any and all claims and/or disputes arising out of Employee's employment or the end of that employment, including but not limited to the claims raised in the Complaint, in an amicable manner, without the difficulties and expenses involved in further litigation. Employee's obligations under this Agreement include, but are not limited to, dismissing with prejudice the Complaint and any other pending legal actions against Employer.

3. <u>Consideration</u>. In consideration for signing this Agreement, and complying with its terms, Employer agrees to pay Employee the gross total amount of Twenty Five Thousand Dollars and No Cents ($25,000.00) in exchange for the releases, covenants, conditions, and obligations imposed upon Employee by this Agreement (the "Total Settlement Payment"). The Total Settlement Payment shall be made as follows:

   A. Of the Total Settlement Payment, Eight Thousand Seven Hundred Eighty Three Dollars and Thirty Three Cents ($8,783.33) shall be classified as attorneys' fees and costs and made payable to Hawks Quindel S.C. Employer will make payment via corporate check and issue appropriate IRS Form(s) 1099 in connection with this payment.

   B. Of the Total Settlement Payment, Ten Thousand One Hundred Thirty Five Dollars and Forty Two Cents ($10,135.42) shall be classified as non-wages in settlement of alleged liquidated damages, litigation costs and/or interest. Employer will make payment via corporate check and issue an IRS Form 1099 in connection with this payment.

   C. Of the Total Settlement Payment, Six Thousand Eighty One Dollars and Twenty Five Cents ($6,081.25) shall be classified as wages and paid to Employee, *less ordinary tax withholding and all required deductions*. Withholding shall be calculated

1

using an updated Form W-4 submitted by Employee to Employer. Employer will issue an IRS Form W-2 in connection with this payment.

D. Without regard to specific payment breakdowns described above, the Parties agree that 75% of the Total Settlement Payment shall be apportioned as consideration for the Wage Release set forth in Paragraph 6 and 25% of the Total Settlement Payment shall be apportioned as consideration for the General Release set for in Paragraph 7.A.

E. The Total Settlement Payment shall not be deemed "compensation" for purposes of any of Employer's qualified retirement plans or other benefit programs, and payment of that consideration does not entitle Employee to any retirement plan contributions by Employer for Employee's benefit or account. Employer makes no representations or advice as to the tax consequences of any payment under this Agreement.

4. Procedure. After this Agreement is fully-executed by the Parties, subject to Employer's review of and consent to the motion for judicial approval of the settlement, Plaintiff on behalf of the Parties will submit the Agreement the Court for the Court's consideration and approval along with a request that the Court approve the Agreement and dismiss the Complaint with prejudice and without further costs to either party except as set forth in this Agreement. The Court's approval of all provisions of this Agreement, and dismissal of the Complaint with prejudice, is a material term of this Agreement. In the event that the Court does not approve all provisions of this Agreement, the Parties will attempt in good faith to negotiate an Agreement that they believe the Court will approve and submit the revised Agreement for approval. In the event that the Parties cannot agree to a revised Agreement, then this Agreement shall be void *ab initio* and the Parties will notify the Court by requesting a status conference to continue in litigation of the Complaint.

The Total Settlement Payment shall be sent to Employee's counsel of record at P.O. Box 442, Milwaukee, WI 53201-0442 within 30 days of the latest of the following: (i) Defendant's counsel being in receipt from Plaintiff of an original of this Agreement executed by Plaintiff, along with IRS Forms W-4 and W-9 executed by Plaintiff and IRS Form W-9 executed by Plaintiff's counsel; (ii) Defendant's counsel being in receipt of notice of the Court's approval of all terms of the Agreement; and (iii) Defendant's counsel being in receipt of notice of the Court dismissing the Complaint with prejudice and without further award of costs or damages, except as set forth in this Agreement.

5. No Consideration Absent Execution of this Agreement. Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph 3 above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

6. Wage Release. Employee, her heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Employer, and its current and former parent companies, subsidiaries, divisions and affiliated entities, and each entity's officers, directors, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former

2

employees, insurers, reinsurers, predecessors, successors and assigns, in their individual and official capacities (collectively "Wage Releasees") of and from any wage or retaliation claims relating to or arising out of Employee's employment with Employer which they may have against the Wage Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 *et seq.*; any Wisconsin wage payment claims; and any other claim relating to unpaid wages, any claim for costs, fees, or other expenses, including attorneys' fees pertaining to such claims, based upon any conduct occurring from the beginning of time up to and including the date of Employee's execution of this Agreement.

    7.    <u>General Release, Claims Not Released and Related Provisions.</u>

        A.    <u>General Release of All Claims</u>. Employee her heirs, executors, administrators, successors and assigns, knowingly and voluntarily releases and forever discharges Maximus, any parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, professional employer organizations, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"; along with Employer, the "Released Parties"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against the Released Parties relating to or arising out of Employee's employment with Employer as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act, the Emergency Family and Medical Expansion Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Families First Coronavirus Response Act, the Emergency Paid Sick Leave Act;
- The Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq.*;
- The Wisconsin Disability Discrimination Act, Wis. Stat. § 111.34 *et seq.*;
- The Wisconsin Family or Medical Leave Act, Wis. Stat. § 103.10 *et seq.*;
- The Wisconsin Minimum Wage Act, Wis. Stat. § 104.001 *et seq.*;
- The Wisconsin Wage Payments, Claims, and Collections Act, Wis. Stat. § 109.01 *et seq.*;
- any other federal, state or local law, rule, regulation, or ordinance
- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

  B. <u>Claims Not Released</u>. Employee is not waiving any rights she may have to: (a) Employee's own vested accrued employee benefits, if any, under Employer's health, welfare, or retirement benefit plans as of Employee's final date of employment; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) if Employer is subject to regulation by the Securities and Exchange Commission, any rights Employee may have to any bounty that may be recoverable as a result of participating in the SEC's Whistleblower Program (d) pursue claims which by law cannot be waived by signing this Agreement; (e) enforce this Agreement; and/or (f) challenge the validity of this Agreement.

  C. <u>Governmental Agencies</u>. Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws, to the extent that such right to file is not subject to waiver. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made to such an anti-discrimination agency, Employee shall not be entitled to recover any individual monetary relief or other individual remedies. In the event that Employee files a charge or complaint with the Wisconsin Department of Workforce Development Equal Rights Division, Employee acknowledges and agrees that such charge or complaint shall be dismissed prior to the completion of an investigation pursuant to Wis. Admin. Code § DWD 218.06(3)2. In addition, nothing in this Agreement prohibits Employee from: (1) reporting possible violations of federal law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs, including but not limited to any such programs managed by the U.S. Securities and Exchange Commission and/or the Occupational Safety and Health Administration. Moreover, nothing in this Agreement prohibits or prevents Employee from receiving individual monetary awards or other individual relief by virtue of participating in such federal whistleblower programs.

  D. <u>Collective/Class Action Waiver</u>. If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

4

8. Acknowledgments and Affirmations.

A. Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Employer other than the Complaint or a claim for unemployment compensation.

B. Employee also affirms that Employee has not divulged any proprietary or confidential information of Employer and will continue to maintain the confidentiality of such information consistent with Employer's policies and Employee's agreement(s) with Employer and/or common law. Under the federal Defend Trade Secrets Act of 2016, Employee shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

C. Employee affirms that Employee has returned all of Employer's property, documents, and/or information in Employee's possession or control.

9. Tax Indemnification. Employee agrees to indemnify and hold the Wage Releasees and the Released Parties harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Wage Releasees or the Released Parties in connection with such governmental authority's determination that Employer or any of the other Wage Releasees or Released Parties was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made pursuant to Paragraph 3 of this Settlement Agreement. Employee agrees that Employee shall indemnify the Wage Releasees and the Released Parties for the full amount of such liability within thirty days after receipt of notice from Employer or any of the other Wage Releasees or Released Parties of the assessment of such taxes, penalties or interest. Employee further agrees to notify Employer promptly and reasonably cooperate with Employer in the defense of any claim or issue raised by any governmental authority with respect to the payment made under Paragraph 3 above.

10. No Future Relationship. Employee acknowledges that she has no right to any future employment with Employer. Employee covenants not to apply for or seek employment with Employer. Any applications for future employment submitted by Employee will be denied based solely on the terms of this Agreement and no other reason(s) shall be attributed for such denial. The Parties agree that this Paragraph is a negotiated, non-discriminatory, and non-retaliatory term of this Agreement. The Parties further agree that Employee's future application for employment by Employer shall not be considered a breach of this Agreement but, instead, that this provision of this Agreement shall constitute a legally valid and binding reason for Employer to deny such employment. Nothing in this Agreement shall entitle Employer to terminate Employee's employment with any other entity which is acquired by Employer while Employee is employed by the acquired entity.

11. <u>Neutral Reference</u>. Employee may direct reference requests to www.theworknumber.com. Potential employers should select "I'm a Verifier" and enter Employer Name: MAXIMUS, Inc., Employer Code: 11033, and Employee's social security number. In response to any requests so directed, Employer will confirm Employee's dates of employment and job title, and not provide any additional information.

12. <u>Successors</u>. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, Employee, Employer, and their respective heirs, beneficiaries, insurers, administrators, representatives, executors, successors and assignees.

13. <u>Governing Law, Breach, and Interpretation</u>. This Agreement shall be governed and conformed in accordance with the laws of the State of Wisconsin, without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. In the event that a court or competent jurisdiction holds that a Party has breached this Agreement, the prevailing Party shall be entitled to recovery of reasonable attorneys' fees and costs incurred as a result of the breach from the non-prevailing Party. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. This Agreement is the product of joint drafting and negotiation between the Parties. Accordingly, the Parties agree that any principle of construction or rule of law that provides that, in the event of any inconsistency or ambiguity, an agreement shall be construed against the drafter of the agreement shall have no application to the terms and conditions of this Agreement.

14. <u>Nonadmission of Wrongdoing</u>. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Wage Releasees or the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

15. <u>Amendment</u>. This Agreement may not be modified, altered, or changed except in a writing that is either hand signed or electronically signed by both Parties wherein specific reference is made to this Agreement; provided, however, that an email message or signature on an email message shall not constitute an electronic signature on an amendment to this Agreement.

16. <u>Miscellaneous.</u> This Agreement may be executed in counterparts, which may be exchanged by mail, courier, facsimile, email, or other electronic form of transmission. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement. Electronic signatures shall be considered valid and binding.

17. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or

6

agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

18. <u>Headings Descriptive Only.</u> Descriptive headings are for convenience only and shall not control or affect the meaning or construction of any provision of this Agreement.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER, THE WAGE RELEASEES AND THE RELEASED PARTIES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

| EMPLOYEE | EMPLOYER |
|---|---|
| *(signature)* | |
| Signature | Signature |
| Veronica Locke | |
| Print Name | Print Name |
| Oc 15 2020 | |
| Date | Date |
| | Date |

4814-5071-0463 v.1

agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

18. <u>Headings Descriptive Only.</u> Descriptive headings are for convenience only and shall not control or affect the meaning or construction of any provision of this Agreement.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER, THE WAGE RELEASEES AND THE RELEASED PARTIES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

| **EMPLOYEE** | **EMPLOYER** |
|---|---|
| _____ | _____[signature]_____ |
| Signature | Signature |
| | |
| _____ | __Nathalie Ohanian__ |
| Print Name | Print Name |
| | |
| | __VP - Counsel__ |
| | Title |
| _____ | __6·16·20__ |
| Date | Date |

4814-5071-0463, v. 1